Filing # 77221311 E-Filed 08/30/2018 09:04:17 AM

Octavio Rio1

18CMB00020-3036

IN THE CIRCUIT COURT OF THE 11TH
CIRCUIT COURT IN AND FOR MIAMI-
DADE COUNTY

CASE NO: 2018- 029267 CA 02

CLAUDIA M. ACUNA,

    Plaintiff,

vs.

CITY OF MIAMI BEACH

    Defendant.

DATE 9-10-18   TIME: 1:00 pm
INITIALS OR   ID#: 428

_____/

## SUMMONS IN A CIVIL CASE

TO: CITY OF MIAMI BEACH, through its Mayor:

    DAN GELBER
    1700 CONVENTION CENTER DR.
    MIAMI BEACH, FL 33139

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

8/31/2018

CLERK
(BY) DEPUTY CLERK

DATE

CITY ATTORNEY'S OFFICE
18 SEP 10 PM 1:00
RECEIVED

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CLAUDIA M. ACUNA,

CASE NO.: 2018-029267 CA 02

    Plaintiff,

vs.

CITY OF MIAMI BEACH

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff CLAUDIA M. ACUNA (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, CITY OF MIAMI BEACH (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760 and the Family and Medical Leave Act; to redress injuries resulting from Defendant's unlawful, age and disability-based discriminatory treatment of and retaliation against Plaintiff as well as interference with Plaintiff's rights and retaliation under FMLA.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami Dade County Florida, within the jurisdiction of this Honorable Court.

4. Plaintiff was an employee of Defendant, employed as a Planner in Miami Dade County, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

7. On or about April 20, 2017, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

8. Defendant, CITY OF MIAMI BEACH, having its main place of business in Miami Dade County, Florida, where Plaintiffs worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

9. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff performed work for Defendant from on or about January 12, 2015 to on or about March 3, 2017 as a Planner.

13. Plaintiff is over the age of 40 and within a protected class under the FCRA.

14. Plaintiff was discriminated against because of her age and her mother's medical condition (Alzheimer's).

15. All of the Planners, besides Plaintiff, were under the age of 35. Because of this, Plaintiff would experience disparate treatment from the Principal Planner Steven M. Williams.

16. The guidelines that were set for Plaintiff were different than the other Planners. For example, other Planners were not bothered when they had a doctor's appointment or had other appointments to keep.

17. On or about September 2016, Plaintiff was denied FMLA when she had to take care of her mother. She was told by Defendant that everyone had their own problems and that they were short staffed.

18. On or about February 16, 2017, Plaintiff approached Human Resources with her concerns for advancement within the company. Other employees were getting promoted, but Plaintiff was not provided equal opportunity.

19. Plaintiff was not given the opportunity to assist with the new signage ordinance or attend the Planning Board meetings, or was asked to attend conferences.

20. Plaintiff, however, was told to cover the counter while others attended meetings or conferences that provided them room to grow and leading to promotions.

21. Plaintiff was continuously spoken disrespectfully by Principal Planner Steven M. Williams and Deputy Director Carmen Sanchez. When Plaintiff suggested weekly training sessions, she was belittled and told that she would be the only one needing the training.

22. Throughout employment, Deputy Director Carmen Sanchez would harass Plaintiff and on two occasions would not allow her to leave work until she finished her reviews. Plaintiff would work from 7am to 8pm, and would not get paid overtime for these hours.

23. Plaintiff was able to get FMLA after her father passed and she had to take care of her mother with Alzheimer's.

24. On or about March 3, 2017, Plaintiff was terminated by Human Resources Director Michael Smith, Planning Director Thomas Mooney and Deputy Director Carmen Sanchez, who were not Plaintiff's direct supervisors. Plaintiff was under FMLA at the time.

25. Plaintiff was told that her termination was due to problems with supervision, her reviews and concerns with others. Previously, Planning Director Thomas Mooney had signed an evaluation where Plaintiff received a high score of 90%.

26. Any reason proffered by the Defendant for the adverse employment actions is mere pretext for unlawful discrimination and retaliation.

27. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### *Age Discrimination in Violation of the FCRA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. Plaintiff is a member of a protected class under the FCRA.

30. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

31. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over 40.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Disability Discrimination in Violation of the FCRA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

42. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's mother is disabled.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in violation of the FCRA*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

51. Plaintiff is a member of a protected class under the FCRA.

52. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

54. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

55. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

56. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

57. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

    Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Interference with Rights Under The FMLA*

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

59. Plaintiff is an individual entitled to protection under the FMLA.

60. Plaintiff is an employee within the meaning of the FMLA.

61. Plaintiff engaged in protected activity within the meaning of the FMLA.

62. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

63. Defendant's actions constitute violations of the FMLA.

64. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

    **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation Under the FMLA*

65. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

66. Plaintiff is an individual entitled to protection under the FMLA.

67. Plaintiff is an employee within the meaning of the FMLA.

68. Plaintiff engaged in protected activity within the meaning of the FMLA.

69. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

70. Defendant's actions constitute a violation of the FMLA.

71. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 8/27/18

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com