UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 18-24172-CIV-MORENO**

CLAUDIA M. ACUNA,

        Plaintiff,

vs.

CITY OF MIAMI BEACH,

        Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS COUNT I ONLY

### I. Overview

Plaintiff Claudia Acuna is over 40 years of age and worked for Defendant City of Miami Beach as a planner from January 12, 2015 to March 3, 2017. Plaintiff alleges she was discriminated against because of her age, and her rights were violated under the Family and Medical leave Act because of her mother's medical condition. Plaintiff states that all of the planners working for Defendant, besides herself, were under the age of 35. Therefore, she argues that because she was the only planner above the age of 40, she would experience disparate treatment.

In her Amended Complaint, Plaintiff asserts a claim for age discrimination in violation of the Florida Civil Rights Act (Count I), a claim for retaliation in violation of the Florida Civil Rights Act (Count II), a claim for interference with her rights under the Family and Medical Leave Act (Count III), and a claim for retaliation under the Family and Medical Leave Act (Count IV). Defendant moves to dismiss Counts I and II of the Amended Complaint, however in its reply, it concedes that Count II should survive the motion to dismiss stage. Consequently, the only count

at issue in this Motion to Dismiss is Count I, and the Court concludes that the Motion should be Granted.

## II. Background

On February 16, 2017, Plaintiff alleges that she approached human resources with her concerns for advancement. She explained to human resources that other younger employees were getting promoted, but that she was not provided equal opportunity for advancement. On March 3, 2017, Plaintiff was terminated by Human Resources Director Michael Smith, Planning Director Thomas Mooney, and Deputy Director Carmen Sanchez. Plaintiff was allegedly told that her termination was due to problems with supervision, her reviews, and concerns with others. Previously, Thomas Mooney allegedly had signed an employee evaluation where Plaintiff received a high score of 90%.

Plaintiff also alleges in her Amended Complaint that she was treated differently in the following ways: (1) other planners were not bothered when they had a doctor's appointment or had other appointments to keep; (2) Plaintiff did not have the opportunity to assist with the new signage ordinance, attend Planning Board Meetings, or was asked to attend conferences; (3) Plaintiff was told to cover the counter while others attended meetings or conferences that provided them the opportunity to grow and gain promotions; (4) Principal Planner Steven Williams and Deputy Director Carmen Sanchez continuously spoke disrespectfully to Plaintiff; (5) Plaintiff suggested weekly training sessions, and then was belittled and told that she would be the only one needing training; (6) throughout the employment, Carmen Sanchez would harass Plaintiff and on two occasions would not allow her to leave work until she finished her reviews; and (7) Plaintiff would work from 7 AM to 8 PM, and would not get paid overtime for these hours.

## III. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." Iqbal, 556 U.S. at 677-78.

## IV. Legal Analysis

In Count I, Plaintiff asserts a claim for age discrimination in violation of the Florida Civil Rights Act. The Florida Civil Rights Act makes it unlawful for an employer to "discharge ... any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a); Verna v. Pub. Health Tr. of Miami-Dade Cty., 539 F. Supp. 2d 1340, 1352 (S.D. Fla. 2008). The Florida Civil Rights Act is modeled after its federal counterparts, Title VII and the Age Discrimination in Employment Act, therefore, Florida Civil Rights Act age discrimination claims are analyzed under the same framework as the Age Discrimination in Employment Act and Title VII claims. See Verna, 539 F. Supp. 2d at 1352. Federal case law interpreting the Age Discrimination in Employment Act

and Title VII are applicable to Plaintiff's Florida Civil Rights Act claim. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998); Soliman v. Hillsborough Sch. Dist., No. 806-CV-1811-T-30MSS, 2008 WL 1995001, at *3 (M.D. Fla. May 8, 2008); Kara v. Fla. Pub. Utilities Co., No. 3:06-CV-572J32MCR, 2008 WL 345590, at *1 (M.D. Fla. Feb. 6, 2008). Thus, the McDonnell Douglas framework that applies to Title VII and Age Discrimination in Employment Act claims will also apply to Plaintiff's Florida Civil Rights Act claim. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Cofield v. Goldkist, Inc., 267 F.3d 1264, 1267 (11th Cir. 2001); Soliman, 2008 WL 1995001 at *3.

It is well settled that "[a] plaintiff may establish a *prima facie* case of disparate treatment under Title VII by one of three methods: (1) direct evidence of discriminatory intent, (2) statistical proof of disparate treatment, or (3) circumstantial evidence that meets the test set forth in McDonnell Douglas." Dyett v. N. Broward Hosp. Dist., No. 03-60804 CIV, 2004 WL 5320812, at *4 (S.D. Fla. Mar. 17, 2004); see also Aurel v. School Bd. of Miami–Dade County Public Schools, 261 F.Supp. 2d 1375, 1377 (S.D. Fla. 2003). Plaintiff has failed to set forth any direct evidence of discrimination nor any statistical proof in support of her claims. Thus, her claim must rely on circumstantial evidence.

The Eleventh Circuit employs the framework established in McDonnell Douglas, to evaluate Age Discrimination in Employment Act claims that are based upon circumstantial evidence of discrimination. See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000); Combs v. Plantation Patterns, 106 F.3d 1519, 1527–28 (11th Cir. 1997). Under this framework, Plaintiff must first establish a *prima facie* case of discrimination. See id. In an age discrimination claim, a plaintiff must prove: "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3)

4

that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000); Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999); see also Zaben v. Air Prods. & Chems., 129 F.3d 1453, 1455 n. 2 (11th Cir. 1997) ("Age discrimination claims brought under the [Florida Civil Rights Act] have been considered within the same framework used to decide actions brought pursuant to the Age Discrimination in Employment Act."). The employer may rebut the resulting presumption of discrimination by articulating at least one legitimate nondiscriminatory reason for its action. Mitchell v. City of LaFayette, 504 F. App'x 867, 870 (11th Cir. 2013). Once the employer articulates a legitimate, nondiscriminatory reason for its action, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reason is a pretext for discrimination. See Mitchell, 504 F. App'x at 870.; Sutton v. Advanced Corr. Healthcare, Inc., No. 2:12-CV-3864-VEH, 2014 WL 948361, at *14 (N.D. Ala. Mar. 11, 2014).

However, the McDonnell Douglas framework is an evidentiary standard, not a pleading requirement. See Henderson v. Dade Cty. Police Benev. Ass'n, Inc., No. 14-20321-CIV-MORENO, 2014 WL 3591600, at *6 (S.D. Fla. July 18, 2014). Thus, a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas *prima facie* case, but must provide enough factual matter (taken as true) to suggest intentional discrimination. See id. Therefore, even where a plaintiff satisfies or fails to satisfy the *prima facie* test, she must provide enough factual matter to suggest intentional discrimination on the part of the defendant. See id.

### A. Age Discrimination Related to Plaintiff's Termination

To the extent that Count I in Plaintiff's complaint is based on age discrimination related to her termination, the Court holds that Plaintiff does not allege sufficient facts to establish a plausible claim. With respect to the first and second elements of a *prima facie* age discrimination claim, the

complaint sufficiently alleges that she was (1) within the protected class of people between the ages of forty and seventy, and that she was (2) subjected to an adverse employment action: her employment termination. However, Defendant argues that with respect to the third and fourth elements of a *prima facie* age discrimination claim, Plaintiff does not allege that she was replaced by a substantially younger employee, or that she was qualified for her position.

The Court disagrees with Defendant as to element (4), that she was qualified to do the job for which she was rejected, because Plaintiff does allege that she received a high evaluation score of 90%. As to element (3), that a substantially younger person filled the position that she sought or from which she was discharged, the Court agrees with Defendant. Plaintiff does not provide the age of a worker who allegedly replaced her. While a plaintiff's complaint need not include specific facts to establish each element, in this case, the Court cannot determine whether Plaintiff was replaced with an individual outside the protected class. See Wineberger v. Racetrac Petroleum, Inc., No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *5 (M.D. Fla. Jan. 16, 2015); Robinson v. Dako N. Am., Inc., No. 8:10CV00278-T-24-AEP, 2010 WL 1433420, at *2 (M.D. Fla. Apr. 9, 2010). Plaintiff has not alleged that she was plausibly subjected to age discrimination. See id.[1] Accordingly, Plaintiff fails to state a claim for age discrimination relating to her termination.

### B. Age Discrimination Related to Failure to Promote

To the extent Plaintiff's claim of age discrimination is based on a failure to promote, Defendant argues that Plaintiff does not allege any position for which she sought a promotion nor that she was qualified for any promotion. The Court agrees and holds that Plaintiff does not allege

---

[1] The Court does note that Plaintiff states all of the planners, besides Plaintiff, were under the age of 35, however, she does not state whether a substantially younger person filled the position from which she was discharged.

a plausible claim for age discrimination based on a failure to promote. Under the rubric of McDonnell Douglas, "[t]o establish a prima facie case of discriminatory failure to promote, a plaintiff must prove: (1) that he is a member of a protected class; (2) that he was qualified for and applied for the promotion; (3) that he was rejected; and (4) that other equally or less qualified employees who were not members of the protected class were promoted." See Denney v. City of Albany, 247 F.3d 1172, 1183 (11th Cir. 2001).

The Complaint alleges that on or about February 16, 2017, Plaintiff approached Human Resources with her concerns for advancement within the company, and that other, younger employees were getting promoted, but Plaintiff was not provided an equal opportunity. First, Plaintiff fails to allege that she applied for a promotion, she only states that she had concerns about her advancement within the City. Second, Plaintiff fails to allege that she was qualified for a promotion. Accordingly, Plaintiff fails to allege sufficient facts to establish a plausible age discrimination claim based on a failure to promote.

## V. Conclusion

The Court finds that Plaintiff fails to state a plausible claim for age discrimination based on her discharge and based on a failure to promote. Accordingly, it is

ADJUDGED that Defendant's Motion to Dismiss Count I is GRANTED. Plaintiff must amend her complaint by no later than June 25, 2019.

DONE AND ORDERED in Chambers at Miami, Florida, this /𝒹ᵃ of June 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

7