UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-24172-CIV-MORENO

CLAUDIA M. ACUNA,

        Plaintiff,

vs.

CITY OF MIAMI BEACH,

        Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS COUNT I

In this lawsuit, Claudia Acuna alleges that the City of Miami Beach unlawfully age discriminated against her in violation of the Florida Civil Rights Act by terminating her employment. In a previous Order, the Court dismissed Acuna's age discrimination claim (Count I) because the Court could not determine whether Acuna "was replaced with an individual outside the protected class." (D.E. 15 at 6.) The Court granted Acuna leave to amend her claim, and in her Second Amended Complaint, she alleges that following her termination "her position and job duties were given to an individual or individuals who were substantially younger or otherwise outside of Plaintiff's protected class." (D.E. 17 at ¶ 27.) The City of Miami Beach again moved to dismiss Count I on grounds that Acuna's "purposeful choice not to allege any facts at all that might support [this] conclusory allegation that she was replaced by a substantially younger employee is fatal to her claim." (D.E. 18 at 5.)

While the Court agrees with the City of Miami Beach that Acuna's allegation could be pleaded with greater specificity, such specificity is not required under the Federal Rules of Civil Procedure. Rule 8(a)(2) only requires that the Second Amended Complaint contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And as the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." 550 U.S. 544, 555 (2007). Indeed, immediately after recognizing the deficiency of Acuna's allegations concerning her eventual replacement, this Court explained that "a plaintiff's complaint need not include specific facts to establish each element." (D.E. 15 at 6.)

The problem with Acuna's First Amended Complaint was that it did not set forth *any* allegations regarding her replacement, or the replacement's age (*see* D.E. 8 at ¶¶ 1–38)—which is a required element of an age discrimination claim, *see Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (noting a plaintiff must prove "that a substantially younger person filled the position that she sought or from which she was discharged"). Here, however, the Second Amended Complaint alleges that Acuna's "position and job duties were given to an individual or individuals who were substantially younger or otherwise outside of Plaintiff's protected class." (D.E. 17 at ¶ 27.) The Court finds this allegation cures the previous pleading deficiency and sufficiently complies with federal pleading requirements. *See also Williams v. Fla. Atl. Univ.*, No. 15-60621-CIV, 2016 WL 1089423, at *5 (S.D. Fla. Mar. 21, 2016) (denying motion to dismiss age discrimination claim where plaintiff alleged she was "over the age of fifty-five" and that her replacement was "under the age of fifty-five"); *Masias v. Redland Christian Migrant Ass'n, Inc.*, No. 10-22016-CIV, 2010 WL 11602010, at *4 (S.D. Fla. Oct. 12, 2010) (denying motion to dismiss claim under the Age Discrimination in Employment Act where plaintiff alleged "she was subject to an adverse employment action" and "she was replaced by an individual younger than forty years old").

Whether Acuna was replaced by a substantially younger employee will be determined through discovery; and whether the hiring of the replacement shows that Acuna suffered age discrimination will be determined at summary judgment or trial. For now, to survive the City of Miami Beach's motion to dismiss, Acuna must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Here, the Court finds the Second Amended Complaint plausibly alleges a claim for age discrimination under the Florida Civil Rights Act. Accordingly, it is

**ADJUDGED** that the Motion to Dismiss Count I is **DENIED**. It is further

**ADJUDGED** that the City of Miami Beach answer the Second Amended Complaint no later than **Friday, November 8, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _10th_ of October 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record